{¶ 30} I write separately because of an obvious concern that some police officials might interpret today's decision as granting the freedom to stop any car containing multiple passengers on the theory that some contraband might be found in the vehicle, but only an owner-driver of the vehicle could object to a search. Such is not the case.
 {¶ 31} This very concern was expressed by Justice White in his dissent to
the majority opinion in Rakas v. Illinois (1978), 439 U.S. 128, in which Justices Brennan, Marshall, and Stevens joined. Specifically, Justice White provided:
 [I]mportantly, the ruling today undercuts the force of the exclusionary rule in the one area in which its use is most certainly justified-the deterrence of bad-faith violations of the Fourth Amendment. This decision invites police to engage in patently unreasonable searches every time an automobile contains more than one occupant. Should something be found, only the owner of the vehicle, or of the item, will have standing to seek suppression, and the evidence will presumably be usable against the other occupants. The danger of such bad faith is *Page 15 especially high in cases such as this one where the officers are only after the passengers and can usually infer accurately that the driver is the owner. The suppression remedy for those owners in whose vehicles something is found and who are charged with crime is small consolation for all those owners and occupants whose privacy will be needlessly invaded by officers following mistaken hunches not rising to the level of probable cause but operated on in the knowledge that someone in a crowded car will probably be unprotected if contraband or incriminating evidence happens to be found. After this decision, police will have little to lose by unreasonably searching vehicles occupied by more than one person.
 Of course, most police officers will decline the Court's invitation and will continue to do their jobs as best they can in accord with the Fourth Amendment. But the very purpose of the Bill of Rights was to answer the justified fear that governmental agents cannot be left totally to their own devices, and the Bill of Rights is enforceable in the courts because human experience teaches that not all such officials will otherwise adhere to the stated precepts. Some policemen simply do act in bad faith, even if for understandable ends, and some deterrent is needed.
Id. at 168-69 (White, J. dissenting) (citations and footnote omitted).
 {¶ 32} Justice Powell responded to this concern in his concurring opinion.
 I do not share the dissenters' concern that the Court's ruling will "invit[e] police to engage in patently unreasonable searches every time an automobile contains more than one occupant." * * *. A police officer observing an automobile carrying several passengers will not know the circumstances surrounding each occupant's presence in the automobile, and certainly will not know whether an occupant will be able to establish that he had a reasonable expectation of privacy. Thus, there will continue to be a significant incentive for the police to comply with the requirements of the Fourth Amendment, lest otherwise valid prosecutions be voided. Moreover, any marginal diminution in this incentive that might result from the Court's decision today is more than justified by society's interest in restricting the *Page 16 scope of the exclusionary rule to those cases where in fact there is a reasonable expectation of privacy.
Id. at 152 (Powell, J. concurring).
 {¶ 33} Furthermore, in today's case, the majority opinion has found both the stop of the vehicle and the detention of the passengers from the car to have been reasonable under the circumstances. See State v.Carter (1994), 69 Ohio St.3d 57, 63 ("If either the stopping of the car or the passenger's removal from it is unreasonable in a Fourth Amendment sense, then surely the passenger has standing to object to those constitutional violations and to have suppressed any evidence found in the car which is their fruit. * * * Both passengers and the driver have standing regarding the legality of a stopping because when the vehicle is stopped, they are equally seized, and their freedom of movement is equally affected. Additionally, the driver of an automobile who demonstrates that he has the owner's permission to use the vehicle has a reasonable expectation of privacy in the vehicle and standing to challenge its stop and search.") (citations omitted).
 {¶ 34} Accordingly, while the concern expressed by Justice White is real and troublesome, the facts of today's case warrant reversal of the trial court's order to suppress. *Page 1